**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **PRIME INSURANCE CO.** | **:** | **DOCKET NO. 6:20-cv-00888** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **DEGAN BLANCHARD & NASH, ET AL.** | **:** | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM ORDER

Before the court are an array of motions filed by plaintiff Prime Insurance Company ("Prime"): a Motion to Compel Discovery (with Request for Expedited Consideration) [doc. 45], an Ex Parte Motion to File Exhibit Under Seal [doc. 46], and a Supplemental Motion to Compel Discovery (with Request for Expedited Consideration) [doc. 47].[1] Defendants Degan Blanchard & Nash ("Degan") and Paul Eckert (collectively with Degan, "Defendants") did not timely oppose any of the motions. A hearing was held on May 1, 2026, and the matter was taken under advisement. Doc. 50.

## I. BACKGROUND

This is a legal malpractice claim by Prime against Degan and Paul Eckert, an attorney at Degan. Specifically, Prime alleges Defendants failed to properly defend Prime and its insureds in multiple personal injury suits arising out of the same multi-vehicle accident. Doc. 1. In 2022, Degan produced to Prime a copy of the file maintained by Degan for Prime in the underlying cases. Prime noted the file did not appear to have been produced in the order in which it existed at the time it was requested and contained other problems, such as numbered but blank pages, formatting errors, and

[1] Prime filed the Supplemental Motion to Compel the day after the original Motion to Compel and "adopt[ed] by reference (as if contained herein *in extenso*)" the original Motion to Compel. The purpose of the Supplemental Motion to Compel was to reassert the discovery issues raised by the Motion to Compel and to add a request that Defendants be compelled to answer the single interrogatory and single request for production propounded in Defendants' First Set of Interrogatories & Request for Production of Documents served by Prime. As such, the court will refer to the original Motion to Compel and the Supplemental Motion to Compel collectively as the "Motion to Compel."

emails produced without the attachments referenced therein. From January 18, 2023, through March 10, 2026, Prime made nineteen requests to Degan to produce the complete client file to no avail. Prime's Motion to Compel seeks to obtain a complete copy of its client file from Degan.

The file produced by Degan contained various emails that had been exchanged between Degan attorneys. Prime attempted to use some of those emails in a deposition in this case, and Degan objected, citing relevance and an unspecified privilege. As the subject of its Ex Parte Motion to File Exhibit Under Seal [doc. 46] filed in connection with the Motion to Compel, Prime submitted copies of the emails in question for the court's review. Prime argues the emails are relevant and not privileged and so seeks an order allowing it to use the emails in discovery in this case.

Prime's Motion to Compel addresses three other issues. First, Prime contends Degan has failed to submit initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) and asks that Degan be compelled to do so. Second, Prime commenced the deposition of defendant Eckert on October 13, 2023, but, in light of an anticipated mediation, cut the deposition short pursuant to an agreement of the parties to resume if the mediation was not successful in resolving the dispute. The mediation did not proceed as scheduled, and Prime wants an order compelling resumption of Eckert's deposition. Prime also asks that it be afforded seven hours for the deposition, in addition to the time spent in the original abbreviated deposition. Third, on October 16, 2023, Prime served Defendants with Defendant's First Set of Interrogatories and Request for Production of Documents, which contained a single interrogatory and a single request for production aimed at identifying insurance coverage for the Defendants for the claims in this action. Defendants never responded to the discovery, and Prime requests that they be compelled to do so.

Prime requests an award of attorneys' fees in connection with the Motion to Compel. Defendants did not file an opposition to any of the instant motions.

## II.
## LAW AND ANALYSIS

### *A. Motion to Compel*

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Federal Rule of Civil Procedure 37(a) permits a party to "move for an order compelling disclosure or discovery" when another party fails to make a disclosure required by Federal Rule of Civil Procedure 26(a) or when a party to whom discovery is directed fails to either properly participate in a deposition or provide a proper response to a written request. "For a motion to compel, '[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.'" *Mirror Worlds Technologies, LLC v. Apple Inc.*, No. 6:13-cv-419, 2016 WL 4265758, at *1 (E.D. Tex. Mar. 17, 2016) (brackets in original) (quoting *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2-08-cv-158, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010)). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted." *Id.*; *see also Wymore v. Nail*, No. 5:14-CV-3493, 2016 WL 1452437, at *1 (W.D. La. Apr. 13, 2016) (citing *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). However, "as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989).

At the hearing, Prime's counsel advised that, after filing the Motion to Compel, Degan provided satisfactory responses to Prime's First Set of Interrogatories and Requests for Production of Documents [doc. 47, att. 3] and Defendants' Rule 26(a) initial disclosures [*see* doc. 49]. Prime

withdrew its motion seeking to compel these two items. As such, only Prime's requests for production of a complete copy of its client file, for authorization to use the emails produced in Prime's client file to which Defendants objected at deposition, and to resume defendant Eckert's deposition remain.

Prime asserts that although Degan produced Prime's client file in 2022, the file was not produced in the order in which it existed at the time it was requested, included blank, yet numbered pages, included formatting errors, and was missing attachments that were referenced in produced emails. Doc. 45, pp. 1–2. Prime detailed the issues in an email to Degan on January 18, 2023, and requested the complete file eighteen (18) additional times between January 2023 and March 2026. At the time of filing the Motion to Compel, no additional documents had been produced. *Id.* At the hearing, however, Prime's counsel clarified that the only remaining issue with the client file concerned emails and discovery requests produced with the file whose corresponding attachments or responses are randomly strewn across the 28,000-page production. Prime, therefore, asked the court to order Defendants to reproduce the emails, discovery responses and their respective attachments in a fashion that would allow Prime to properly correlate the documents. At the court's direction, Prime supplemented the record after the hearing with a list of documents it asserts need to be reproduced because referenced attachments are missing or cannot be matched with certainty to other documents in the original production. Doc. 51, att. 3.

Prime also asserts that during the deposition of a former Degan attorney, Brian Harrell, Prime tried to introduce certain internal Degan emails that were produced as part of Prime's client file. Doc. 45, att. 2, p. 7. Degan's counsel objected to the introduction of the emails, arguing they were irrelevant and privileged. *Id.* The parties then agreed to halt the deposition and reconvene once a court addressed the relevancy and privileged status of the emails. *Id.* As a precautionary measure, Prime submitted the emails to the court with a motion that they be placed under seal. Doc. 46. The emails contain communications between Degan attorneys. Doc. 46, att. 2. Specifically, the

communications consist mostly of defendant Eckert's retelling of the events that took place during the trial of one of the personal injury cases underlying Prime's current malpractice claim and of exchanges between Degan attorneys pertaining to the drafting of a letter to Prime explaining those events and Degan's post-trial strategy for the case. *Id.* Notably, Degan produced these emails as part of Prime's client file and has made no effort to claw them back.

Finally, Prime asks for the deposition of defendant Eckert to be resumed. Prime alleges that in October 2023, it started but did not complete its deposition of Eckert. Doc. 45, att. 2, p. 8. Upon certain admissions by Eckert during the deposition, the parties agreed the testimony was sufficient for the time being to allow the parties to proceed to a mediation scheduled for February 2024. *Id.* The parties further agreed that Eckert's deposition would be resumed if the mediation was not successful. *Id.* Degan eventually canceled the February 2024 mediation and subsequent efforts to reschedule it were unsuccessful. *Id.* Prime essentially now asks to start Eckert's deposition anew, requesting that it be allowed one day of up to seven (7) hours, without reduction for any of the time (approximately two hours) previously used at the first installment in October 2023. *Id.* at p. 17.

Defendants failed to timely oppose the instant Motion to Compel, such that any and all objections are waived,[2] and Prime's motion is considered unopposed.[3] Accordingly, as Defendants failed to uphold the burden of showing why the requested discovery should not be permitted or why any privilege should be applied, *see Clark v. Schlumberger Tech. Corp.*, No. 18-CV-93, 2019 WL

---

[2] Even if Defendants' objections to the contested emails during the deposition are considered, the court agrees with Prime that these objections are not sustainable. The emails were not prepared in anticipation of litigation or preparation for trial nor do they contain communications with counsel for the purpose of soliciting legal advice, and so no work product or attorney-client privilege applies to them. Instead, these emails were written in the context of attorneys engaged by Prime preparing a report to Prime of their trial activities and their post-trial strategies pertaining to a case potentially insured by Prime. The court cannot contemplate how such communications would be privileged or protected from Prime. As to relevancy, the emails include a detailed description of the handling of one of the personal injury cases Prime now alleges Defendants mishandled—they are clearly relevant to Prime's claims.

[3] Defendants were permitted to participate in the hearing but solely for the purpose of coordinating production of the requested discovery.

13253890, at *2 (W.D. Tex. Oct. 30, 2019) (citing *McLeod, Alexander, Powel & Apffel, P.C.*, 894 F.2d at 1485), Prime is entitled to the remaining relief it has requested.

### *B. Motion for Attorney Fees*

Prime's Motion to Compel includes a request for attorneys' fees. If a court grants a Rule 37 motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). But the court must not order the payment of expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

Here, Defendants failed to timely answer Prime's discovery requests by the deadlines set out in Federal Rules of Civil Procedure 33 and 34 and failed to timely file any objection to the Motion to Compel. While Defendants provided untimely responses to some of the requests at issue, they did so only after Prime filed this Motion to Compel. *See* Fed. R. Civ. P. 37(a)(5)(A). Defendants have failed to provide this court reasonable justification for their actions—or inaction—in this matter, or otherwise to offer circumstances that would make an award of expenses unjust. As such, the court finds such an award against Defendants to be appropriate.

### *C. Motion to Seal*

Prime's Ex Parte Motion to File Exhibit Under Seal sought, "out of an abundance of caution," to file under seal the Degan emails at issue in the Motion to Compel. Doc. 46 & att. 2. Pursuant to Federal Rule of Civil Procedure 5.2(d), a "court may order that a filing be made under seal without redaction." The public, however, enjoys presumptive access to documents filed on the court's docket. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). Thus, the court has a "solemn

duty to promote judicial transparency" by undertaking "a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* at 419–20 (internal quotation marks and additional citations omitted). The United States Fifth Circuit Court of Appeals recently summarized the law respecting sealing court records in this circuit:

> The public has a common law right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978). "Judicial records are public records." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). Public access serves important interests in transparency and the "trustworthiness of the judicial process." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019)). Sealing judicial records is therefore "heavily disfavor[ed]." *Id.*
>
> This right of access, however, is "not absolute." *Nixon*, 435 U.S. at 598. "Every court has supervisory power over its own records and files," *id.*, and, when appropriate, courts may order that case documents be filed under seal, Fed. R. Civ. P. 5.2(d). To determine whether a judicial record should be sealed, the court "must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Le*, 990 F.3d at 419 (internal quotations omitted). Because of the court's duty to protect the public's right of access, the district court must balance these interests even if the parties agree to seal records. See, e.g., *BP Expl. & Prod.*, 920 F.3d at 211–12 ("[P]rivate litigants should not be able to contract [the public right of access] away.... [I]t is for judges, not litigants, to decide whether the justification for sealing overcomes the right of access."). Sealing documents should be the exception, not the rule. *Le*, 990 F.3d at 418.
>
> [ . . . ]
>
> That said, public information cannot be sealed. *June Med. Servs.*, 22 F.4th at 520. And the district court must also consider whether alternative measures, such as redaction or pseudonymity, would instead sufficiently protect the privacy interests at issue. *See, e.g., United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023) (noting that redaction is often, but not always, "practicable and appropriate as the least restrictive means of safeguarding sensitive information").

*Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at **2–3 (5th Cir. Mar. 7, 2024) (footnotes omitted). Because this court has determined the emails at issue are relevant, not privileged, and otherwise discoverable, there is no need to place them under seal.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that expedited consideration of Prime's Motion to Compel [docs. 45 & 47] is **GRANTED**.

**IT IS FURTHER ORDERED** that Prime's Motion to Compel [doc. 45] is **GRANTED**, and that:

(1) Defendants shall reproduce the emails within Prime's client file identified by Prime's counsel [*see* doc. 51, att. 3] with all relevant attachments properly ordered with their corresponding emails within ten (10) days after the date of this Order;

(2) Prime is permitted to use the emails that were the subject of the Motion to Compel and sought to be filed under seal [*see* doc. 46, att. 2] in pre-trial discovery, including but not limited to in depositions, in this action; and

(3) Prime is permitted to reinitiate the deposition of Paul Eckert, which deposition shall be subject to the seven (7) hour time limit in Federal Rule of Civil Procedure 30(d)(1) without taking into account any time previously spent deposing Mr. Eckert in this action. The parties shall coordinate the scheduling of the deposition of Mr. Eckert so that the deposition is completed on or before November 25, 2026.

**IT IS FURTHER ORDERED** that an award of reasonable expenses, including attorney fees, is awarded jointly against defendants Degan Blanchard & Nash and Paul Eckert pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). Within fourteen (14) days after the date of this Order, Prime shall file into the record a statement of fees and costs incurred in filing its original Motion to Compel [doc. 45] and Ex Parte Motion to File Exhibit Under Seal [doc. 46], which shall be supported by an affidavit setting forth the hours expended for the activities described in the statement, who performed

the services, and the hourly rate applied to those hours. Defendants may submit a response to Prime's submission within seven (7) days after Prime's submission is filed into the record.

**IT IS FURTHER ORDERED** that Prime's Motion to File Exhibit Under Seal [doc. 46] is **DENIED**. The Clerk of Court is directed to unseal Prime's Motion to File Exhibit Under Seal [doc. 46] and file the attached "Exhibit 6" [doc. 46, att. 2] into the record as an exhibit to Prime's Motion to Compel [doc. 45].

**IT IS FURTHER ORDERED** that Prime's Supplemental Motion to Compel [doc. 47] is **WITHDRAWN** from the record.

**THUS DONE AND SIGNED** in chambers this 2nd day of November, 2026.

**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**